JAMES D. GREEN,

        Plaintiff,

      v.                               Case No. 23-cv-0136-bhl

HSUM WEINMANN,
BRIAN TAPLIN,
JODI FIELDS, and
WHITNEY PITZLIN,

        Defendants.

---

## SCREENING ORDER

Plaintiff James D. Green, who is currently serving a state prison sentence at the Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Green's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Green has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Green has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $14.74. Green's motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

Green explains that on August 25, 2022, his blood was drawn and he provided a urine sample. The next day, he received a letter from health services stating that some of the results were abnormal and an appointment to discuss the results had been scheduled. Green asserts that he began experiencing pain around his kidneys, so he informed health services and asked about the scheduled appointment. A month passed, and Green's pain increased. Green explains that he suspected his pain medication may be causing his pain, so he wrote to his provider, Defendant Jodi Fields, to inform her he was experiencing sharp pains in his chest and excruciating pain around his kidneys. According to Green, on October 10, 2022, Fields responded that they would discuss his symptoms at his appointment in about six weeks. Green states that he began to develop a cough, so he again wrote to health services. He states that he was told he would see the provider on November 9, 2022. Green again wrote directly to Fields to inform her that he had been waiting to see her for three months and that he was in excruciating pain. She responded on November 14, 2022, informing him he was scheduled to see a provider. Green explains that on November 16, 2022, a nurse examined him and concluded he was severely dehydrated, which was likely causing his pain. It is unclear if Green's pain resolved, but he notes that, as of the filing of his complaint, he still had not been examined by Fields. Dkt. No. 1 at 2-3.

Green next alleges that on October 20, 2022, he submitted a health services request regarding his pain. Green was in segregation at the time. He explains that on October 21, 2022, he attended legal recreation from 9 a.m. until about 11 a.m. He states that not long after he returned to his cell, Defendant Nurse Whitney Pitzlin came to his door with a refusal form for him to sign.

She explained to him that by going to legal recreation he had refused to be examined by her. She told him that if he wanted to be seen, he had to submit another slip. Green asserts that he told her he was in pain, but she walked off. Dkt. No. 1 at 4.

Green also asserts that on October 25, 2022, he was taken to health services to be examined by Nurse Brian Taplin. According to Green, Taplin asked him if he knew what was causing his pain. Green asserts that he told Taplin he did not know, but it could be his medication. Taplin allegedly told Green to stop taking the medication for three days to see if that helps. Green asserts that he protested, telling Taplin that the medication insert said to consult with a provider before stopping the medication. According to Green, Taplin told him he'd be fine and said to restart the medication if he "start[ed] feeling like crap." Green asserts that Taplin then ended the evaluation without taking his vitals or doing any other type of assessment. Dkt. No. 1 at 5.

Green finally asserts that Defendant health services manager Weinmann failed to properly train or correct his staff. He asserts that he informed Weinmann that health services staff was not addressing his complaints of pain, but Weinmann did nothing. Dkt. No. 1 at 6.

### THE COURT'S ANALYSIS

"[T]he Eighth Amendment, as the Supreme Court has interpreted it, protects prisoners from prison conditions that cause the wanton and unnecessary infliction of pain, including . . . grossly inadequate medical care." *Gabb v. Wexford Health Sources, Inc*., 945 F.3d 1027, 1033 (7th Cir. 2019) (quoting *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014)) (internal quotations omitted). The Court uses a two-part test to evaluate whether medical care amounts to cruel and unusual punishment; it asks: 1) "whether a plaintiff suffered from an objectively serious medical condition" and 2) "whether the individual defendant was deliberately indifferent to that condition." *Id*. (quoting *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016) (en banc)).

Green states a deliberate indifference claim against Fields based on allegations that she failed to address his persistent complaints of increasing pain over a several month period. He also states a deliberate indifference claim against Taplin based on allegations that, despite Green's complaints of excruciating pain in his kidneys and chest, Taplin failed to examine Green or consider the possible consequences of Green abruptly stopping his prescribed medication. Finally, Green states a deliberate indifference claim against Weinmann based on allegations that Weinmann did nothing to train and/or remedy his staff's alleged misconduct after Green informed him that health services staff was not addressing his complaints of severe pain. *See Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996) (holding that, once an official is informed of "an excessive risk to inmate health or safety . . . the refusal or declination to exercise the authority of his or her office may reflect deliberate disregard.").

Green does not, however, state a deliberate indifference claim against Pitzlin based on allegations that she refused to examine him after he was unavailable because he went to legal recreation. Pitzlin informed Green that because he had been unavailable, he had to resubmit his request to be seen. Pitzlin did not refuse to examine Green; she merely enforced the policy, which led to a short delay in Green being examined. Given that Green's complaints were not emergent, the Court cannot reasonably infer that Pitzlin was deliberately indifferent to Green's pain simply because she adhered to the policy. Further, a delay in medical treatment may constitute deliberate indifference if the delay exacerbates the injury or unnecessarily prolongs an inmate's pain, particularly if a provider knows that the pain is treatable. *Reck v. Wexford Health Sources*, *Inc.*, 27 F.4th 473, 483 (7th Cir. 2022). But Green asserts that the cause of his pain was not diagnosed until much later (and may be ongoing), so he suffered no harm from having to wait a few days to

5

be examined. *See Knight v. Wiseman*, 590 F.3d 458, 466 (7th Cir. 2009) (explaining that the Constitution does not mandate immediate care).

**IT IS THEREFORE ORDERED** that Green's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Whitney Pitzlin is **DISMISSED** because the complaint fails to state a claim against her.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Green's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on HSUM Weinmann, Nurse Brian Taplin, and Jodi Fields.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, HSUM Weinmann, Nurse Brian Taplin, and Jodi Fields shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Green is located.

**IT IS FURTHER ORDERED** that the agency having custody of Green shall collect from his institution trust account the $335.26 balance of the filing fee by collecting monthly payments from Green's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Green is

transferred to another institution, the transferring institution shall forward a copy of this Order along with Green's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Green is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on May 10, 2023.

>s/ *Brett H. Ludwig*
>_____
>BRETT H. LUDWIG
>United States District Judge

7