UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES D. GREEN,

                Plaintiff,

v.                                                                    Case No. 23-cv-0136-bhl

ROBERT WEINMAN, et al.,

                Defendants.

## DECISION AND ORDER

Plaintiff James Green is representing himself in this 42 U.S.C. §1983 case. Discovery is closed, and dispositive motions are due by February 9, 2024. On December 18, 2023, Green filed a series of motions seeking: a stay of the dispositive motion deadline, an evidentiary hearing, and sanctions for alleged spoliation of evidence and perjury. Dkt Nos. 17, 19. On January 8, 2024, Green filed a further motion for sanctions. Dkt. No. 24. Defendants have responded to Green's motions. Dkt Nos. 26, 30. For the reasons explained below, the Court will deny the motions.

**1. The Court Will Deny Green's Motion to Stay, Motion for Evidentiary Hearing, and Motion for Sanctions based on Spoliation of Evidence and Perjury.**

Green seeks judgment in his favor based on his belief that Defendants destroyed relevant video in bad faith. Green explains that, on October 27, 2022, he prepared an inmate complaint in which he stated, "I want CO Hill body camera footage preserved for litigation purposes on 10/25/2022 @ around 8:00 – 8:30 AM." Dkt. No. 28-1 at 10. The video was not preserved. Green asserts that the video was destroyed as a benefit to Defendants because it is critical to his case. Defendants deny Green's assertions, explaining that the video was overwritten in the normal course of business.

Defendants first argue that Green did not properly request that the video be retained. Defendants note that Green raised his preservation request only in an inmate complaint, but, according to Defendants, the inmate complaint process is not the appropriate format for inmates to raise such requests. That said, Defendants acknowledge that the institution has no defined policy/procedure for inmates to request that video be preserved for litigation purposes. They note that it has become "common and a best practice" for inmates to write the security director to request that a video be retained. But Green asserts that he was not aware of this so-called "best practice." Obviously, Green cannot have complied with a practice that he did not know about. Defendants do not explain why Green should bear the consequence of failing to comply with a practice that the institution never communicated. The Court therefore concludes that it was reasonable for Green to believe that raising his request in an inmate complaint would provide adequate notice that he wanted the video preserved.

Still, the Court will deny Green's motion for sanctions because it does not appear that the video was destroyed in bad faith. "The crucial element in a spoliation claim is not the fact that the [evidence was] destroyed but that [it was] destroyed for the purpose of hiding adverse information." *Norman-Nunnery v. Madison Area Tech. College*, 625 F.3d 422, 428 (7th Cir. 2010) (citations omitted). Sanctions are therefore appropriate only if the movant establishes that the evidence was destroyed in bad faith. *Park v. City of Chicago*, 297 F.3d 606, 615 (7th Cir. 2002) (the "crucial element" in a spoliation claim is "the reason for the destruction").

Defendants explain why the institution complaint examiner did not take steps to preserve the video Green referenced in his inmate complaint. They note that it is not uncommon for inmate complaints to reference videos, so given the sheer number of inmate complaints filed, it is not feasible for institution complaint examiners to request that every referenced video be preserved.

Accordingly, institution complaint examiners generally request the preservation only of those videos relied on in reaching a decision. Here, the institution complaint examiner did not view, let alone rely on, Hill's bodycam video in reaching her decision, so she did not request that it be preserved. Because she made no preservation request, the bodycam video was overwritten in the normal course of business after 120 days. It is also important to note that neither Hill nor the institution complaint examiner are Defendants in this case. To the extent Green complains that Hill or the complaint examiner should have taken steps to preserve the video, they are not the ones against whom he requests sanctions. The only parties to this case are the Defendants, but there is no evidence they had access to the video or were involved in any way with the retention (or non-retention) of any video evidence. Dkt. No. 28.

The foregoing demonstrates that, although Green (arguably) properly requested that Hill's bodycam video be preserved, the video was destroyed due to poor communication and confusion about the proper method for requesting preservation. The inmate complaint examiner's duty was to complete her own investigation; she did not have the authority or ability to preserve the video, and because she did not need the video to reach a decision, she did not make a preservation request. It was not her responsibility to ensure that Green's request made it to the security director, the person with the authority and ability to preserve the video. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("no prisoner is entitled to insist that one employee do another's job"). The institution complaint examiner *could have* forwarded Green's request to the correct person, but she was not required to do so, and nothing suggests that her failure to do so was motivated by bad faith. Accordingly, because the Court cannot reasonably conclude the video was destroyed in bad faith, sanctions are not warranted. The Court has no need for an evidentiary hearing on this issue,

3

so the Court will also deny Green's motion for a hearing and his motion to stay the dispositive motion deadline.

## 2. The Court Will Deny Green's Second Motion for Sanctions.

On January 8, 2024, Green filed a motion to sanction Defendants based on his assertions that they lied in response to his first request for admissions and then tried to "clean up their sham" by amending their response. The Court will deny Green's motion because he mischaracterizes Defendants' responses.

On August 24, 2023, Green requested that Defendants admit or deny if: "Defendant Brian Taplin did not take vital[s], nor do any physical evaluation of/on Plaintiff, during appointment on or about 10-25-22." Dkt. No. 30 at 1. Defendants responded: "Defendants ADMIT that Plaintiff was seen by Defendant Taplin on October 25, 2022. Upon reasonable inquiry, Defendants lack sufficient knowledge or information to form a belief as to the truth of which CO escorted Plaintiff to HSU on October 25, 2022, and therefore, DENY." *Id.* at 1-2.

Defendants explain that in preparation for filing a dispositive motion, they continued to review the relevant medical records and learned additional information. Accordingly, as required by Fed. R. Civ. P. 26(e)(1)(A), Defendants amended their response and cited to the medical record. Defendants' amended response stated: "AMENDED RESPONSE: Upon further review of the certified medical record, Defendants ADMIT that Defendant Taplin performed a visual assessment of the Plaintiff during the nurse sick call on October 25, 2022; AFFIRMATIVELY ALLEGE that the Plaintiff left the exam room before Defendant Taplin could offer to perform a physical exam or take the Plaintiff's vitals. Plaintiff may also refer to Bates Nos. 0026 – 0027 and 0136 - 0137 that were previously provided with Defendants' Response to Plaintiff's First Request for Production of Documents. Defendants DENY remaining allegations." Dkt. No. 30 at 2.

Defendants' amended response is not inconsistent with their original response; it merely clarifies and supplements the original response. Given that Defendants complied with Fed. R. Civ. P. 26 and timely amended their response with this additional information promptly after learning it and given that Green has demonstrated no prejudice from Defendants' amended answer, sanctions are not warranted. The Court will therefore deny his motion.

**IT IS THEREFORE ORDERED** that Green's motion to stay and motion for an evidentiary hearing (Dkt. No. 17), his motion for spoliation of evidence and perjury sanctions (Dkt. No. 19), and his motion for sanctions (Dkt. No. 24) are **DENIED**.

Dated at Milwaukee, Wisconsin on January 31, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge